IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HEYER, ) | |
| No. K67344 , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00219-SMY |
| ) | |
| DOCTOR JOHN COE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark Heyer is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the medical care he is receiving from Dr. John Coe.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The narrative of the complaint states in its entirety:

> All I want to do is get best treatment possible for my collar bone pressing against my throat and I feel that Doctor Coe has no idea what he is doing or what kind of treatment can be done and I am in a wheelchair and I need to have the use of right shoulder for when I need to get out of my chair[.]

Doc. 1, p. 4).  Plaintiff wants to be seen by an outside orthopedist, and he seeks compensatory damages for pain and suffering. (Doc. 1, p. 5).  For the reasons that follow, the compliant must be dismissed, albeit without prejudice.

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives "any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012); 42 U.S.C. § 1983.  As pleaded, the complaint does not sufficiently allege a constitutional claim.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  Although

the prayer for relief suggests that Plaintiff may have contemplated an Eighth Amendment claim, the narrative of allegations do no state a colorable constitutional claim.

As a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). That the officer had actual knowledge of impending harm can be inferred from circumstantial evidence. *Id*. at 842. Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior, which is all the complaint describes. *Id*. at 835. Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton*, 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad*, 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment—what Plaintiff alleges—does not amount to deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini*, 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques).

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED without prejudice** and with leave to amend the complaint.

**IT IS FURTHER ORDERED** that on or before **April 13, 2015**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by that deadline will result in this

action being dismissed *with* prejudice, and a "strike" will be assessed against Plaintiff for purposes of 28 U.S.C. § 1915(g).  Any amended complaint will undergo preliminary review pursuant to 28 U.S.C. § 1915A.  In either scenario, Plaintiff remains responsible for paying the $350 filing fee.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2015**

s/ STACI M. YANDLE
**United States District Judge**