IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HEYER, <br> No. K67344 , <br><br> Plaintiff, <br><br> vs. <br><br> DOCTOR JOHN COE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-00219-SMY <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark Heyer is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the medical care he is receiving from Dr. John Coe. The original complaint failed to state a claim and was dismissed without prejudice (Doc. 7). Plaintiff's amended complaint (Doc. 9) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The amended complaint indicates that Plaintiff has been seeking medical care for a year because—as he describes it—his collar bone is rubbing against his throat. Plaintiff contends that Dr. Coe "has no idea what he's doing or what kind of treatment would work because he is not an orthopedic doctor" (Doc. 12, p. 5). Plaintiff wants to be seen by an outside orthopedist (Doc. 12, p. 6). Liberally reading the amended complaint, the Court finds that Plaintiff has stated a colorable Eighth Amendment claim.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). An internet search suggests that there are several *possible* medical problems, including a fracture, osteoarthritis, impingement syndrome, polymyalgia rheumatica and metastases. *See* http://www.rightdiagnosis.com/symptoms/aching_collarbone/causes.htm (last accessed Oct. 16, 2015). Thus, the Court cannot discount that a serious medical need may be at issue.

Mere disagreement with a physician's chosen course of treatment does not amount to deliberate indifference. *See Garvin v. Armstrong*, 236 F.3d 896,898 (7th Cir. 2001) (Courts will not take sides in disagreements about medical personnel's judgments or techniques). Physicians are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir.2008). However, when a physician intentionally withholds efficacious treatment, the delay may amount to deliberate indifference if the delay results in serious harm or unnecessary pain. *See Berry,* 604 F.3d at 441. Depending upon the circumstances, the refusal to secure a second opinion or expert opinion also can violate the Eighth Amendment. *See Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014). The fact that Plaintiff continues to be in discomfort after a year is sufficient to suggest that Plaintiff has not received proper treatment, raising the possibility of deliberate indifference.

**IT IS THEREFORE ORDERED** that Plaintiff's Eighth Amendment claim against **DR. JOHN COE** shall **PROCEED**.

The Clerk of Court shall prepare for Defendant **DR. JOHN COE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 29, 2015**

s/ STACI M. YANDLE<br>**United States District Judge**